1  ROCKARD J. DELGADILLO, City Attorney (SBN 125465)
2  ZNA PORTLOCK HOUSTON, Managing Assistant City Attorney
   **JANIS LEVART BARQUIST**, Deputy City Attorney (SBN 133664)
3  200 North Main Street
   800 City Hall East
4  Los Angeles, CA 90012-4130
   Telephone:   (213) 978-8792
5  Facsimile:   (213) 978-8315
   E-mail:      Janis.Barquist@lacity.org
6

FILED
CLERK, U.S. DISTRICT COURT

MAR -31 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

7  Attorneys Real Parties In Interest
   CITY OF LOS ANGELES and ONICA SHERRI COLE

RECEIVED
NOT FILED

MAR 3 1 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

8
9              **UNITED STATES DISTRICT COURT**
10         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11  UNITED STATES OF AMERICA,          **Case Number CR 07-1360 SVW**
12              Plaintiff,              **NOTICE OF MOTION AND MOTION
                                       PURSUANT TO F.R. CRIM.P. 17 TO
13              v.                      QUASH (i) SUBPOENA ADDRESSED TO
                                       ONICA SHERRI COLE AND (ii)
14  CARLOS IVAN CUENTAS,               SUBPOENA FOR PRODUCTIONS OF
                                       CONFIDENTIAL PROSECUTORIAL FILES
15              Defendant,             AND DOCUMENTS CONTAINED
                                       THEREIN; DECLARATION OF ONICA
16                                     SHERRI COLE; OBJECTIONS
                                       PREVIOUSLY SERVED.
17  CITY OF LOS ANGELES AND ONICA
    SHERRI COLE,
18                                     **DATE:     April 1, 2008**
                                       **TIME:     9:00 a.m.**
19              Real Parties In Interest.  **ROOM :  6**
20

21  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that on April 1, at 9:00 a.m., or as soon thereafter as the

23  matter may be heard in Courtroom 6 of the above-entitled court located at 312 North Spring

24  Street, Los Angeles, California 90012, Real Parties in Interest City of Los Angeles and Los

25  Angeles Deputy City Attorney Onica Sherri Cole, will and hereby does move the court to

26  quash the subpoena dated March 28, 2008, for her appearance in this court and for the

27  production of documents on April 1, 2008.

                                       1

28  ──────────────────────────────────────────────────
    NOTICE OF MOTION AND MOTION PURSUANT TO F.R. CRIM.P. 17 TO QUASH (i)
    SUBPOENA ADDRESSED TO ONICA SHERRI COLE AND (ii) SUBPOENA FOR
    PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS
    CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE; OBJECTIONS
    PREVIOUSLY SERVED

This motion is made on the following grounds:

(1)     Deputy City Attorney Cole was given insufficient notice;

(2)     Deputy City Attorney Cole cannot give relevant or material evidence herein;

(3) The subpoena seeks to inquire into a criminal prosecutor's purpose, intent or motive in enforcement of the public laws in violation of

(a) the Constitutional separation of powers doctrine;

(b) prosecutorial immunity; and

(c) California Government Code Section 26500

(4) The subpoena seeks the production of confidential documents in violation of

(a) the Constitutional separation of powers doctrine;

(b) the Constitutional rights of privacy of non- parties to this criminal proceeding;

(c) the official information privilege; and

(d) Penal Code sections 11105, 11142, and 13303.


In support of this motion, the City relies upon the accompanying memorandum of points and authorities, the declaration of Deputy Cole, the objections served on March 28, 2008. the court file in this matter, and any and all oral proceeding to be held on this matter.


DATED:  March 28, 2008                Respectfully submitted,

ROCKARD J. DELGADILLO, City Attorney
ZNA PORTLOCK HOUSTON, Managing
Assistant City Attorney

BY

**JANIS LEVART BARQUIST**,
Deputy City Attorney
Attorneys for Real Parties in Interest
CITY OF LOS ANGELES, and
ONICA SHERRI COLE

2

NOTICE OF MOTION AND MOTION PURSUANT TO F.R. CRIM.P. 17 TO QUASH (i)
SUBPOENA ADDRESED TO ONICA SHERRI COLE AND (ii) SUBPOENA FOR
PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS
CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE; OBJECTIONS
PREVIOUSLY SERVED

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

## INTRODUCTION

On Friday, March 28, 2008, Deputy City Attorney Onica Cole, received a telephone call from an investigator who identified himself as Frank Mackey. Mr. Mackey inquired if she was the prosecutor who handled the Osvaldo Guevarra matters, Case Nos. 7CA13402 and 6HY03369.

On March 28, 2008, DCA Cole received a subpoena by facsimile commanding her appearance in the matter of *United States of America v. Carlos Ivan Cuentas*, CR 07-1360 SVW. In addition to commanding her appearance, the subpoena asked that she bring certain documents. DCA Cole is not the custodian of records for the Central Trials Branch of the Los Angeles City Attorney's Office.

The files sought by the subpoena are two prosecution files pertaining to Osvaldo Trancity Guevara, a defendant prosecuted by the City Attorney's office last year. The files contain confidential police files, Mr. Guevara's RAP sheets, prosecutorial notes and other documents protected from discovery.

**II**

## THE DEFENDANT HAS FAILED TO MAKE A

## SHOWING OF GOOD CAUSE FOR THE RECORDS AND TESTIMONY SOUGHT

It is well settled that the burden is on the defendant to describe the requested information with reasonable specificity and to present a plausible justification for its production. He must establish why the requested information is necessary for the preparation of his case. Where the defendant has not established the evidentiary nature of the police documents or recordings he seeks to discovery, the subpoena should be quashed. <u>U.S. v. Hardy</u>, 224 F.3d. 752, 755-756 (8th cir, 2000); <u>U.S. v. Nixon</u>, 418 U.S, 683, 699-700 (1974).

In the instant case, defense counsel makes no attempt to justify the production of the requested records or the testimony of DCA Cole. He has utterly failed to set forth why the

NOTICE OF MOTION AND MOTION PURSUANT TO F.R. CRIM.P. 17 TO QUASH (i) SUBPOENA ADDRESED TO ONICA SHERRI COLE AND (ii) SUBPOENA FOR PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE; OBJECTIONS PREVIOUSLY SERVED

documents are material or relevant to the issues in the case, or why DCA Cole should be obligated to testify.  U.S. v. Oberle, 136 F.3d 1414, 1420 (10th Cir. 1998)

Nothing in Defendants' subpoena provides any basis to believe any of the documents or testimony sought would have any tendency in reason to prove or disprove any disputed fact.  No facts are presented to establish good cause for the production of the requested records.  A subpoena should be quashed where, as here, there is no showing that the matters covered by the subpoena would be relevant to the issue of the guilt or innocence of the defendant on the actual criminal charges.  Gilmore v. U.S. 256 F.2d 565 (5th Cir. 1958).  As is clear from reading the subpoena, defense counsel is on a fishing expedition. Fishing expeditions should not be sanctioned by this Court.  U.S. v Libby, 432 F. Supp 2d 26, 35 (DCDC, 2006).

III.

## THE DEPUTY CITY ATTORNEY CAN NOT GIVE RELEVANT OR MATERIAL EVIDENCE HEREIN

While a defendant in a criminal action has the right to produce witnesses and to compel their attendance in his behalf, the right is by no means absolute.

A subpoena is properly quashed when the witness can give no relevant testimony. Federal Rule of Criminal Procedure 17c states, in relevant part:  "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable."

A subpoena is properly quashed when the witness cannot contribute relevant, material evidence.  U.S. v. Reed, 726 F.2d 570 (9th Cir. 1984) cert den. 469 U.S. 871, Gilmore v. U.S., 256 F.2d 565 (5th Cir. 1958),  People v. Singletary (1969) 276 Cal. App. 2d 601, 604; People v. Manson (1976) 61 Cal. App. 2d 102, 197.  Here, DCA Cole has no personal knowledge of the factual matters which give rise to any of the charges in this case.  (See attached Declaration of Onica Cole, para 5).  Her only relationship to this case was as a criminal prosecutor in matters against Osvaldo Trancity Guevara, apparently a witness in this criminal proceeding.  Consequently, DCA Cole has no relevant or material evidence about the pending

4

criminal charges.

IV.

**AS A PUBLIC PROSECUTOR, THE DEPUTY CITY ATTORNEY IS AN OFFICIAL OF THE EXECUTIVE BRANCH, AND ANY INQUIRY INTO EXECUTIVE MOTIVE, INTENT OR PURPOSE VIOLATES THE CONSTITUTIONAL DOCTRINE OF SEPARATION OF POWERS**

The California Constitution, Article 3, Section 3, sets forth the doctrine of separation of powers:

> The powers of state government are legislative, executive and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by the Constitution.

As recognized by the California Supreme Court, a public prosecutor acting in the enforcement of public laws is an officer of the executive branch of government. Esteybar v. Municipal Court (1971) 5 Cal. 3d 119, 127; see also People v. Tenorio (1970) 3 Cal. 3d 89; People v. Birks, (1998) 19 Cal. 4th 108, 134 ("The prosecution's authority [to make charging decisions] is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch").

The rule is clear that a probe of the mental process of the executive branch by another branch of government is violative of the separation of powers doctrine, as set forth in the United States Supreme Court's decision in United States v. Morgan (1941) 313 U.S. 409, 422. This rule was again enunciated by the California Supreme Court in State of California v. Supreme Court (1974) 12 Cal. 3d 237, 256, and in the case of In re Fain (1976) 65 Cal. App. 3d 376, 393 fn. 14:

> …[T]he constitutional doctrine of separation of powers precludes judicial inquiry into the 'motivation or mental process' which may underlie action by a non-judicial agency of government.

Similarly, in Board of Administration, Public Employees' Retirement System v. Superior Court (1975) 50 Cal. App. 3d 314, 322, the court noted:

5

The members of the legislative and executive branch are no more subject to examination in the judicial branch to justify or explain their official decisions than a member of the judicial branch would be subject to examination by the Governor or Legislature regarding his decisions.

The courts may interfere with an executive or legislative action only when the law or order on its face discloses an improper purpose.  County of Los Angeles v. Superior Court (Burroughs) (1975) 13 Cal. 3d 721, 730-731.  As such, any inquiry into DCA Cole's decisions in the Guevara cases would violate the Constitutional doctrine of separation of powers.

Many of the documents contained in the confidential prosecutorial files sought by this subpoena contain the impressions, thought processes, and legal conclusions of the prosecutors working on the Guevara cases.  This information is exactly the type of information protected from discovery by this doctrine.

## V.

## DCA COLE'S ACTIONS ARE ABSOLUTELY IMMUNE

DCA Cole's actions in handling the Guevara cases, and deciding what plea bargain to offer him were acts integral to her role as a public prosecutor and are acts absolutely immune from liability or questioning.    In Imbler v. Pachtman, 424 U.S. 409, 431 (1976), the United States Supreme Court held that absolute immunity attached to prosecutor decisions "in initiating a prosecution." The Court also observed that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution" Id at 431, n.33.  See also Burns v. Reed, 500 U.S. 478, 491 (1991).

Prosecutorial immunity extends to barring inquiries into a prosecutor's decisions about granting immunity in exchange for testimony.  See for example: Dillard v. Sanchez, 2007 U.S. Dist. LEXIS 26234 (D. Oregon, 2007).

Defendant Cuentas is seeking to inquire into decisions DCA Cole made that were both integral to her role as a prosecutor, and decisions which are absolutely immune from liability. As such, they are not subject to attack or questioning by the defense.

**VI.**

## A PROSECUTOR'S DISCRETION IN HANDLING PROSECUTIONS IS NOT
## SUBJECT TO ATTACK BY CRIMINAL DEFENDANTS

California Government Code Section 26500 establishes that decisions concerning the handling of prosecutions are matters exclusively within the discretion and jurisdiction of the public prosecutor.  California Government Code Section 26500 states, in relevant part:  "The public prosecutor shall attend the courts, and within his or her discretion shall initiate and conduct on behalf of the people all prosecutions for public offenses."  Subpoenas are improper where used, as here, as a discovery device to challenge a prosecutor's exercise of discretion. U.S. v. Skeddle, 178 FRD. 167 (N.D.Ohio, 1996).

The California Supreme Court has held that the public prosecutor "has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek". People v. Eubanks (1996) 14 Cal 4th 580, 588.  The Court further held that the prosecutor "independently exercises all the executive branch's discretionary powers in the initiation and conduct of criminal proceedings." Id.  Similarly, the Courts have held that prosecutors are not subject to judicial supervision in determining what charges to bring. Eg: Stenback v. Municipal Court for San Jose-Milpitas (1969, 1st dist) 272 Cal. App. 2d 27; People v. Birks, supra.

As shown above, a prosecutor's decision whether and to what extent to bring criminal charges is a matter solely within his statutory discretion, and is a matter beyond the scope of judicial or defense inquiry.  Consequently, DCA Cole's decisions are beyond the scope of any legitimate inquiry or questioning in this matter.

**VII.**

## THE PROSECUTORIAL FILES CONTAIN PRIVILEDGED DOCUMENTS THE
## DISCLOSURE OF WHICH WOULD CONSTITUE A CRIMINAL VIOLATION

The California Penal Code Section 11105 establishes who may obtain the criminal history records maintained and compiled by State and local agencies.  California Penal Code Sections 11142 and 13303 provide that "any person authorized by law to receive a [criminal

7

history] record or information obtained from a record who knowingly furnishes the record or information to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor."

Criminal defendants and their counsel are not authorized by California Penal Code section 11105 to see the criminal history records of other persons. The Real Parties in Interest are prohibited by these Penal Code sections from releasing such documents, which are contained in the subpoenaed files, to the defendant. As release of these documents would constitute a misdemeanor, the Court should quash the subpoena.

VIII.

## THE PROSECUTORIAL FILES CONTAIN PRIVILEDGED POLICE FILE DOCUMENTS

The Prosecutorial files also contain the police records and recordings pertaining to the Guevara investigation and prosecution. Police investigation records are also privileged documents exempt from disclosure. Government Code Section 6254(f).

IX.

## ANY MATERIALITY OF THE INFORMATION SOUGHT IS
## OUTWEIGHED BY THE RIGHT OF PRIVACY OF PERSONS
## IDENTIFIED IN THE MATERIAL SOUGHT

Even if the defendant in this case were able to make some showing of justification for the requested information, this does not necessarily mean that the records should be ordered produced. This court should give weight to the constitutional right of privacy of persons identified in the discovery sought. See Cal. Const., Art. 1, §1.

In criminal cases, the court retains wide discretion to protect against the disclosure of information which might unduly hamper the prosecution or violate some other legitimate governmental interest. Joe Z. v. Superior Court, supra, 3 Cal.3d 804. Protecting the constitutional right of privacy of nonparties to a criminal action is a legitimate governmental interest. U.S. v. McGrady 508 F.2d 13,16 (CA8, 1974). In Pacific Lighting and Leasing Co. v. Superior Court (1976) 60 Cal.App.3d 552, 566-567, the court stated:

8

The protection of petitioner's right to be free from unreasonable search and seizure constitutes a 'legitimate governmental interest'.   Thus, though 'ordinarily' a criminal defendant may be entitled to pretrial knowledge where 'it appears reasonable that such knowledge will assist him in preparing his defense' [citation], the protection of the witness constitutional rights requires that the 'plausible justification' for inspection [citation] be so substantiated as to make the seizure constitutionally reasonable.

Clearly, there is no showing of good cause for the records in this case.  In the absence of such a showing, there is nothing to balance against the rights of other persons about whom information will be disclosed.  Thus, the court is justified in quashing the subpoena.

As discussed above, Defendants have presented no plausible justification for disclosure of any of the information sought.  Accordingly, there is nothing to support a judicial determination that Defendants are entitled to receive any of the personnel information about the employee described in the subpoena.

## X.

## THE SUBPOENA HAS NOT BEEN PROPERLY SERVED

DCA Cole is not the custodian of records for the documents sought, and the subpoena was served with insufficient notice.  The subpoena was served on Friday March 28, 2008, requiring production and appearance on Tuesday April 1, 2008.  One business day and four calendar days in insufficient and unreasonable notice. Consequently, the subpoena must be quashed.

## XI.

## CONCLUSION

DCA Cole  has shown the she has no personal knowledge of any of the factual matters which give rise to the charges herein.  Consequently, DCA Cole cannot provide relevant or admissible testimony.

Defendant is attempting to improperly inquire into the motive, intent or purpose of a

9

NOTICE OF MOTION AND MOTION PURSUANT TO F.R. CRIM.P. 17 TO QUASH (i) SUBPOENA ADDRESSED TO ONICA SHERRI COLE AND (ii) SUBPOENA FOR PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE; OBJECTIONS PREVIOUSLY SERVED

Deputy City Attorney in her role as a criminal prosecutor.

Any attempt by defendant to inquire into the reasons for DCA Cole's decisions concerning the Guevara criminal charges in other cases is a clear violation of the separation of powers doctrine contained in the United States and California Constitutions, as well as a violation of the doctrine of prosecutorial immunity and of Government Code Section 26500.

For all these reasons, Real Party in Interest City of Los Angeles DCA Onica Cole respectfully requests that this court grant this motion to quash.

DATED:  March 28, 2008                    Respectfully submitted,


                                          ROCKARD J. DELGADILLO, City Attorney
                                          ZNA PORTLOCK HOUSTON, Managing
                                          Assistant City Attorney


                                          BY _____

                                          **JANIS LEVART BARQUIST**,
                                          Deputy City Attorney
                                          Attorneys for Real Parties in Interest
                                          CITY OF LOS ANGELES, and
                                          ONICA SHERRI COLE

## DECLARATION OF ONICA SHERRI COLE

**I, ONICA SHERRI COLE,** declare as follows:

1.    I am an attorney at law duly admitted to practice before all courts of the State of California and the United States District Court for the Central District of California. I am a Deputy City Attorney for the Office of the Los Angeles City Attorney. I am currently assigned to the Central Trials Branch. If called as a witness in this matter, I would testify to the following based on my personal knowledge.

2.    On Friday, March 28, 2008 I received a telephone call from an investigator who identified himself as Frank Mackey. Mr. Mackey inquired if I was the prosecutor who handled the Osvaldo Guevarra matters, Case Nos. 7CA13402 and 6HY03369. I confirmed that I was the lead prosecutor for the afore-mentioned cases. I agreed to accept a subpoena for my personal appearance by facsimile. Of course, Mr. Mackey did not inform me that the subpoena would seek the production of confidential prosecutorial files.

3.    On March 28, 2008, I received a subpoena by facsimile commanding my appearance in the matter of United States of America v. Carlos Ivan Cuentas, CR 07-1360 SVW. In addition to commanding my appearance, the subpoena asks that I bring certain documents. I am not the custodian of records for the Central Trials Branch of the Los Angeles City Attorney's Office. However, I have located the files and have reviewed them in preparation for my anticipated testimony in this case. The files contain materials I believe to be covered by numerous discovery and evidentiary privileges, including the attorney work-product doctrine and attorney-client privilege.

NOTICE OF MOTION AND MOTION PURSUANT TO F.R. CRIM.P. 17 TO QUASH (i)
SUBPOENA ADDRESED TO ONICA SHERRI COLE AND (ii) SUBPOENA FOR
PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS
CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE; OBJECTIONS
PREVIOUSLY SERVED

4.      The files sought by the subpoena are two prosecution files pertaining to Osvaldo Trancity Guevara, a defendant prosecuted by this office last year.   The files contain the confidential police files, Mr. Guevara's RAP sheets, prosecutorial notes and other documents protected from discovery.

5.      I have no personal knowledge about the facts at issue in US v. Cuentas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of March, 2008, in Los Angeles, California.


_____

ONICA SHERRI COLE

NOTICE OF MOTION AND MOTION PURSUANT TO F.R. CRIM.P. 17 TO QUASH (i)
SUBPOENA ADDRESED TO ONICA SHERRI COLE AND (ii) SUBPOENA FOR
PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS
CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE; OBJECTIONS
PREVIOUSLY SERVED

Exhibit 1

ROCKARD J. DELGADILLO, City Attorney (SBN 125465)
ZNA PORTLOCK HOUSTON, Managing Assistant City Attorney
**JANIS LEVART BARQUIST**, Deputy City Attorney (SBN 133664)
200 North Main Street
800 City Hall East
Los Angeles, CA 90012-4130
Telephone:    (213) 978-8792
Facsimile:    (213) 978-8315
E-mail:    Janis.Barquist@lacity.org

Attorneys for Real Parties In Interest
CITY OF LOS ANGELES and ONICA SHERRI COLE

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS IVAN CUENTAS,<br><br>Defendant,<br><br>---<br><br>CITY OF LOS ANGELES AND ONICA SHERRI COLE,<br><br>Real Parties In Interest. | **Case Number CR 07-1360 SVW**<br><br>**OBJECTIONS AND RESPONSE OF REAL PARTIES IN INTEREST TO SUBPOENA ADDRESSED TO ONICA SHERRI COLE AND FOR PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE IN SUPPORT THEREOF.** |

## PRELIMINARY STATEMENT

Real Parties in Interest City of Los Angeles and Onica Sherri Cole (Ms. Cole), hereby  object and otherwise responds to Defendant's subpoenas propounded upon Ms. Cole and the City of Los Angeles in the above-entitled action.

This response is based upon the information currently available to the Real Parties in Interest, which have made a diligent and good faith effort to respond fully. The Real Parties in Interest reserve the right to supplement these responses in light of

1

subsequently acquired information, if any.

The Real Parties in Interest make no incidental or implied admissions regarding the contents of any document referred to in this response. The Real Parties in Interest responses and objections are not an admission of the existence of any facts set forth in or assumed by any document.

In responding to this subpoena, the Real Parties in Interest have interpreted each request to exclude documents protected by the attorney-client privilege, but to the extent such documents are demanded, the Real Parties in Interest object to the production based upon the existence of such privilege and will not produce any document so privileged, unless the Real Parties in Interest specifically waive the privilege.

The following responses are made subject to these prefatory remarks and notwithstanding and without waiving the foregoing objections, all of which are incorporated by this reference as if fully set forth with respect to each numbered item below.

**ITEM NO. 1:**

Any and all documents in your possession, custody, or control regarding the prosecution of OSVALDO TRANCITY GUEVARA, case numbers 7CA13402 and 6HY03369-01, including any and all communications between the Los Angeles County District Attorney's Office and LAPD, FBI, any other federal law enforcement agency, or the United States Attorney's Office regarding Osvaldo Guevara or the prosecution of the above-referenced cases.

**RESPONSE TO ITEM NO. 1:**

OBJECTION:  This request (i) calls for documents that are confidential and are protected from discovery; (ii) calls for documents exempt from discovery pursuant to the Official Information Privilege; (iii) seeks to violate the privacy rights of Osvaldo Trancity Guevara and the rights of third parties under the U.S. Constitution; (iv) seeks

2

documents which are protected from disclosure by Penal Code section 11105; (v)seeks documents the release of which to unauthorized individuals, such as the defendant herein,  constitutes a misdemeanor criminal offense pursuant to Penal Code sections 11142 and 13303 (vi) fails to show that any notice to Mr. Guevara that his personal and private documents are being sought in discovery or has obtained his written authorization for the release of these  records; (vii) seeks documents the release of which would violate the Constitutional separation of powers doctrine in that the disclosure of these documents would permit inquiry into and disclose the motivation or mental process which may underlie the prosecutorial decisions in the Guevara matter; (viii)  the prosecution of Osvaldo Trancity Guevara was handled by the Office of the City Attorney for the City of Los Angeles, and not by the Los Angeles County District Attorney's Office, accordingly, this office has no documents produced by the Los Angeles County District Attorney's Office.   Such documents will not be produced.

## SUBPOENA FOR PERSONAL APPEARANCE OF ONICA SHERRI COLE

The Subpoenas received by Onica Sherri Cole, Deputy City Attorney, of the Office of the City Attorney for the City of Los Angeles, purports to require her personal appearance on April 1, 2008.

## RESPONSE TO SUBPOENA:

OBJECTIONS:   This request (i) is overly broad and unduly burdensome in that the person being subpoenaed has no personal knowledge of any facts relevant to the criminal case now pending before this court; (ii) the subpoena was served with inadequate notice, in that it was served with only one business day and 4 calendar

///

///

///

3

days notice; (iii) Ms. Cole is not the custodian of records for the documents requested; (iv) Ms. Cole is not employed by the District Attorney's Office.

DATED:  March 28, 2008                    Respectfully submitted,


ROCKARD J. DELGADILLO, City Attorney
ZNA PORTLOCK HOUSTON, Managing
            Assistant City Attorney
**JANIS LEVART BARQUIST,**
Deputy City Attorney
Attorneys for Real Parties in Interest
CITY OF LOS ANGELES, and
ONICA SHERRI COLE

4

## DECLARATION OF ONICA SHERRI COLE

**I, ONICA SHERRI COLE,** declare as follows:

1.       I am an attorney at law duly admitted to practice before all courts of the State of California and the United States District Court for the Central District of California.  I am a Deputy City Attorney for the Office of the Los Angeles City Attorney.  I am currently assigned to the Central Trials Branch.  If called as a witness in this matter, I would testify to the following based on my personal knowledge.

2.       On Friday, March 28, 2008 I received a telephone call from an investigator who identified himself as Frank Mackey.  Mr. Mackey inquired if I was the prosecutor who handled the Osvaldo Guevarra matters, Case Nos. 7CA13402 and 6HY03369.  I confirmed that I was the lead prosecutor for the afore-mentioned cases.  I agreed to accept a subpoena for my personal appearance by facsimile.  Of course, Mr. Mackey did not inform me that the subpoena would seek the production of confidential prosecutorial files.

3.       On March 28, 2008, I received a subpoena by facsimile commanding my appearance in the matter of United States v. America v. Carlos Ivan Cuentas, CR 07-1360 SVW.  In addition to commanding my appearance, the subpoena asks that I bring certain documents.  I am not the custodian of records for the Central Trials Branch of the Los Angeles City Attorney's Office.  However, I have located the files and have reviewed them in preparation for my anticipated testimony in this case.  The files contain materials I believe to be covered by numerous discovery and evidentiary privileges, including the attorney work-product doctrine and attorney-client privilege.

1

4.    The files sought by the subpoena are two prosecution files pertaining to Osvaldo Trancity Guevara, a defendant prosecuted by this office last year. The files contain the confidential police files, Mr. Guevara's RAP sheets, prosecutorial notes and other documents protected from discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of March, 2008, in Los Angeles, California.

ONICA SHERRI COLE

DECLARATION OF ONICA SHERRI COLE

## PROOF OF SERVICE
## (VIA VARIOUS METHODS)

I, the undersigned, say:  I am over the age of 18 years and not a party to the within action or proceeding.  My business address is 800 City Hall East, 200 North Main Street, Los Angeles, California 90012.

On **July 11, 2007**, I served the foregoing document(s) described as

**OBJECTIONS AND RESPONSE OF REAL PARTIES IN INTEREST TO SUBPOENA ADDRESSED TO ONICA SHERRI COLE AND FOR PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE IN SUPPORT THEREOF.**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

David J.P. Kaloyanides, SBN 160368
624 S. Grand Ave., Suite 2200
Los Angeles, CA 90017
Fax: (213) 402-6292

Ariel Neuman
312 N. Spring St.
1300 U.S. District Courthouse
Los Angeles, CA 90012
Fax: (213) 894-6436

**[ ] BY MAIL** - I deposited such envelope in the mail at Los Angeles, California, with first class postage thereon fully prepaid.  I am readily familiar with the business practice for collection and processing of correspondence for mailing.  Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit; and/ or

**[] BY PERSONAL SERVICE** - ( )  I delivered by hand, ( ) I caused to be delivered via messenger service, or ( ) I caused to be delivered via Document Services, such envelope to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

**[X]  BY FACSIMILE TRANSMISSION** - I caused the document to be transmitted to the offices of the addressee via facsimile machine at telephone numbers noted above on the date specified above.  The document was sent by fax from telephone number (213) 978-8315 and the transmission was reported complete and without error.  A true copy of the Transmission Report is attached to the mailed or personal or both proof(s) of service.

**[] BY OVERNIGHT COURIER** - I deposited such envelope in a regularly maintained overnight courier parcel receptacle prior to the time listed thereon for pick-up.  Hand delivery was guaranteed by the next business day.

**[ ]** - Federal - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March 28, 2008**, at Los Angeles, California.

_Frankie Dominguez_
FRANKIE DOMINGUEZ

TRANSMISSION VERIFICATION REPORT

```
TIME   : 03/28/2008 17:29
NAME   : LABOR RELATIONS DIV
FAX    : 2139788315
TEL    : 2139787140
SER.#  : BROD4J479807
```

```
DATE,TIME             03/28  17:27
FAX NO./NAME          98946436
DURATION              00:01:16
PAGE(S)               09
RESULT                OK
MODE                  STANDARD
                      ECM
```



## OFFICE OF THE CITY ATTORNEY
### LABOR RELATIONS DIVISION
**200 North Main Street
800 City Hall East
Los Angeles, California 90012
Telephone: (213) 978-7161
Facsimile No.: (213) 978-8315**

ROCKARD J. DELGADILLO
City Attorney

## FACSIMILE TRANSMISSION COVER PAGE

DATE:       March 28, 2008

TO:         Ariel Neuman

FAX #:      (213) 894-6436

FROM:       Frankie Dominguez

RE:         U.S. vs. Cuentas


MESSAGE:

NUMBER OF PAGES INCLUDING THIS PAGE: 🖐 8

*If you do not receive all pages or have any problems with this transmittal, please
contact Frankie Dominguez at (213) 978-7140. Thank you.*

```
┌──────────────────────────────────────────┐
│     TRANSMISSION VERIFICATION REPORT      │
│                                           │
└──────────────────────────────────────────┘
                        TIME  : 03/28/2008 17:25
                        NAME  : LABOR RELATIONS DIV
                        FAX   : 2139788315
                        TEL   : 2139787140
                        SER.# : BROD4J479807
```

```
┌──────────────────────────────────────────────────────────────────┐
│   DATE,TIME              03/28  17:22                               │
│   FAX NO./NAME           94026292                                   │
│   DURATION               00:02:31                                   │
│   PAGE(S)                09                                         │
│   RESULT                 OK                                         │
│   MODE                   STANDARD                                  │
│                          ECM                                        │
└──────────────────────────────────────────────────────────────────┘
```



## OFFICE OF THE CITY ATTORNEY
### LABOR RELATIONS DIVISION
**200 North Main Street**
**800 City Hall East**
**Los Angeles, California 90012**
**Telephone: (213) 978-7161**
**Facsimile No.: (213) 978-8315**

ROCKARD J. DELGADILLO
City Attorney

## FACSIMILE TRANSMISSION COVER PAGE

DATE:       March 28, 2008

TO:         David J.P. Kaloyanides

FAX #:      (213) 402-6292

FROM:       Frankie Dominguez

RE:         U.S. vs. Cuentas


MESSAGE:


NUMBER OF PAGES INCLUDING THIS PAGE: 7

*If you do not receive all pages or have any problems with this transmittal, please contact Frankie Dominguez at (213) 978-7140. Thank you.*

**PROOF OF SERVICE**
**(VIA VARIOUS METHODS)**

I, the undersigned, say:  I am over the age of 18 years and not a party to the within action or proceeding.  My business address is 800 City Hall East, 200 North Main Street, Los Angeles, California 90012.

On **March 28, 2008**, I served the foregoing document(s) described as

**NOTICE OF MOTION AND MOTION PURSUANT TO F.R. CRIM.P. 17 TO QUASH (i) SUBPOENA ADDRESED TO ONICA SHERRI COLE AND (ii) SUBPOENA FOR PRODUCTIONS OF CONFIDENTIAL PROSECUTORIAL FILES AND DOCUMENTS CONTAINED THEREIN; DECLARATION OF ONICA SHERRI COLE; OBJECTIONS PREVIOUSLY SERVED.**

on all interested parties in this action by placing a true copy thereof enclosed addressed as follows:

David J.P. Kaloyanides, SBN 160368
624 S. Grand Ave., Suite 2200
Los Angeles, CA 90017
Fax: (213) 402-6292

Ariel Neuman
312 N. Spring St.
1300 U.S. District Courthouse
Los Angeles, CA 90012
Fax: (213) 894-6436

[ ] **BY MAIL** - I deposited such envelope in the mail at Los Angeles, California, with first class postage thereon fully prepaid.  I am readily familiar with the business practice for collection and processing of correspondence for mailing.  Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit; and/ or

[ ] **BY PERSONAL SERVICE** - ( )  I delivered by hand, ( ) I caused to be delivered via messenger service, or ( ) I caused to be delivered via Document Services, such envelope to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

[X] **BY FACSIMILE TRANSMISSION** - I caused the document to be transmitted to the offices of the addressee via facsimile machine at telephone numbers noted above on the date specified above.  The document was sent by fax from telephone number (213) 978-8315 and the transmission was reported complete and without error.  A true copy of the Transmission Report is attached to the mailed or personal or both proof(s) of service.

[ ] **BY OVERNIGHT COURIER** - I deposited such envelope in a regularly maintained overnight courier parcel receptacle prior to the time listed thereon for pick-up.  Hand delivery was guaranteed by the next business day.

[ ] - Federal - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March 28, 2008**, at Los Angeles, California.

**Janis Levart Barquist**



**OFFICE OF THE CITY ATTORNEY**
**200 North Main Street, 800 City Hall East**
**Los Angeles, California  90012**
**Telephone:  (213)  978-8792**
**Facsimile:   (213)  978-8315**

Rockard J. Delgadillo
City Attorney

# FACSIMILE TRANSMISSION COVER PAGE

DATE:       March 28, 2008

TO:

Ariel Neuman
312 N. Spring St.
1300 U.S. District Courthouse
Los Angeles, CA 90012
Fax: (213) 894-6436

FAX #:

FROM:     Janis Levart Barquist,
Deputy City Attorney
Labor Relations Division

RE:

NUMBER OF PAGES INCLUDING THIS PAGE: 

*If you do not receive all pages or have any problems with this transmittal,
please contact the sender. Thank you.*

*CONFIDENTIALITY NOTICE:*
*This facsimile transmission (and/or the documents accompanying it) may contain confidential*
*information belonging to the sender which is protected by the attorney-client privilege or the attorney*
*work product privilege. The information is intended entirely for the use of the individual(s) or entity*
*named above. If you are not the intended recipient, you are hearby notified that any disclosure,*
*copying, distribution or the taking of any action in reliance on the contents of this information is*
*strictly prohibited. If you have received this transmission in error, please immediately notify the*
*sender by telephone to arrange for return of the documents.*



**OFFICE OF THE CITY ATTORNEY**
**200 North Main Street, 800 City Hall East**
**Los Angeles, California  90012**
**Telephone:  (213)  978-8792**
**Facsimile:   (213)  978-8315**

Rockard J. Delgadillo
City Attorney

## FACSIMILE TRANSMISSION COVER PAGE

DATE:        March 28, 2008

            TO:        David J.P. Kaloyanides, SBN 160368
                 624 S. Grand Ave., Suite 2200
                 Los Angeles, CA 90017
                 Fax: (213) 402-6292

FAX #:

FROM:        Janis Levart Barquist,
            Deputy City Attorney
            Labor Relations Division

RE:

NUMBER OF PAGES INCLUDING THIS PAGE:  23

*If you do not receive __all__ pages or have any problems with this transmittal, please contact the sender. Thank you.*

*CONFIDENTIALITY NOTICE:*
*This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege or the attorney work product privilege. The information is intended entirely for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hearby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by telephone to arrange for return of the documents.*

TRANSMISSION VERIFICATION REPORT

```
TIME  : 03/28/2008 21:03
NAME  : LABOR RELATIONS DIV
FAX   : 2139788315
TEL   : 2139787140
SER.# : BROD4J479807
```

```
DATE,TIME          03/28  20:59
FAX NO./NAME       912138946436
DURATION           00:03:23
PAGE(S)            23
RESULT             OK
MODE               STANDARD
                   ECM
```



# OFFICE OF THE CITY ATTORNEY
## 200 North Main Street, 800 City Hall East
## Los Angeles, California 90012
## Telephone:  (213) 978-8792
## Facsimile:   (213) 978-8315

Rockard J. Delgadillo
City Attorney

## FACSIMILE TRANSMISSION COVER PAGE

DATE:      March 28, 2008

TO:

Ariel Neuman
312 N. Spring St.
1300 U.S. District Courthouse
Los Angeles, CA 90012
Fax: (213) 894-6436

FAX #:

FROM:      Janis Levart Barquist,
           Deputy City Attorney
           Labor Relations Division

RE:

NUMBER OF PAGES INCLUDING THIS PAGE:

```
┌──────────────────────────────────────┐
│    TRANSMISSION VERIFICATION REPORT   │
└──────────────────────────────────────┘

                          TIME  : 03/28/2008 20:58
                          NAME  : LABOR RELATIONS DIV
                          FAX   : 2139788315
                          TEL   : 2139787140
                          SER.# : BROD4J479807

    DATE,TIME               03/28  20:52
    FAX NO./NAME            912134026292
    DURATION               00:06:23
    PAGE(S)                 23
    RESULT                  OK
    MODE                    STANDARD
                            ECM
```



# OFFICE OF THE CITY ATTORNEY
## 200 North Main Street, 800 City Hall East
## Los Angeles, California  90012
## Telephone:  (213)  978-8792
## Facsimile:  (213)  978-8315

Rockard J. Delgadillo
City Attorney

## <u>FACSIMILE TRANSMISSION COVER PAGE</u>

**DATE:**   March 28, 2008

**TO:**   David J.P. Kaloyanides, SBN 160368
624 S. Grand Ave., Suite 2200
Los Angeles, CA 90017
Fax: (213) 402-6292

**FAX #:**

**FROM:**   Janis Levart Barquist,
Deputy City Attorney
Labor Relations Division

**RE:**

**NUMBER OF PAGES INCLUDING THIS PAGE:** 

*If you do not receive **all** pages or have any problems with this transmittal, please contact the sender. Thank you.*